UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRUMP MARKS REAL ESTATE LLC,

          Plaintiff,

          v.

CAP CANA, S.A., RICARDO HAZOURY,
FERNANDO HAZOURY, ABRAHAM
HAZOURY, CATHERINE KURY HAZOURY,
GEORGE SPENCE, MICHEL RODRIGUEZ and
MICHELL VARGAS,

          Defendants.

-----------------------------------------------------------x

Case No: 12-cv-06440-NRB

## DECLARATION OF MICHELL VARGAS IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Pursuant to 28 U.S.C. § 1746, I, Michell Vargas, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am a defendant in the above-captioned action and have personal knowledge of the facts and circumstances set forth herein.

2. I submit this declaration in support of Defendants' Motion to Dismiss the Complaint filed by Trump Marks Real Estate LLC's ("Trump Marks").

**Absence Of General Contacts With New York**

3. I am a citizen and resident of the Dominican Republic. From July 2007 until April 2010, I was one of the Project Managers of Cap Cana, S.A. ("Cap Cana"). Cap Cana is a real estate development corporation organized under the laws of the Dominican Republic and has its principal place of business in Santo Domingo, Dominican Republic. Cap Cana specializes in

the construction and management of commercial and residential real estate properties in the Dominican Republic.

4. Since May 2010 I have served as a design and construction consultant for Cap Cana on various projects.

5. As a Cap Cana employee, I worked out of Cap Cana's offices in the Dominican Republic and generally performed my duties in the Dominican Republic.

6. I have never resided in the State of New York or in any other state in the United States.

7. I have never owned or leased any real or personal property of any kind in the State of New York or in any other state in the United States.

8. I have never regularly conducted business in the State of New York or in any other state in the United States. Specifically, I have never:

   a. been employed in the State of New York or in any other state in the United States;

   b. maintained an office, place of business or mailing address in the State of New York or in any other state in the United States;

   c. employed anyone in the State of New York or in any other state in the United States;

   d. owned any business that is registered in, markets to, or conducts business transactions in the State of New York or any other state in the United States;

   e. held any investments or assets in the State of New York or in any other state in the United States;

   f. been a controlling shareholder of any corporation that is registered in, markets to, or conducts business transactions in the State of New York or any other state in the United States;

   g. solicited in my personal capacity any business in the State of New York or in any other state in the United States;

2

      h. served on the board of directors of any entity incorporated or otherwise based in the State of New York or any other state in the United States;

      i. supervised, managed or made any charitable contributions to any charities, benevolent organizations, or non-profit organizations in the State of New York or in any other state in the United States; or

9. I have never owed or paid taxes in the State of New York or in any other state in the United States.

10. I have never had a telephone listing in the State of New York or in any other state in the United States.

11. I have never appointed an agent for service of process in the State of New York or in any other state in the United States.

12. I have never commenced any legal proceedings in any federal or state court in the State of New York or in any other state in the United States.

**No Contacts With New York As A Cap Cana Employee**

13. On or about February 16, 2007, Trump Marks and Cap Cana entered into a license agreement (the "License Agreement") in connection with Cap Cana's efforts to develop a luxury mixed use, multi-component resort near Punta Cana, Dominican Republic.

14. Because Trump Marks and Cap Cana entered into the License Agreement prior to my employment with Cap Cana, I had no involvement in the negotiations of the License Agreement.

15. Given that my responsibilities as an employee with Cap Cana where limited to the coordination of the design and construction of projects, I did not have any involvement with the sale of the properties that are the subject of this litigation or the distribution of the proceeds from

3

these sales because, to the best of my knowledge, the properties had been sold and the proceeds distributed prior to the commencement of my employment with Cap Cana.

16. In the Complaint, Trump Marks alleges that I and the other individual defendants caused Cap Cana to (i) be unable to pay certain licensing fees supposedly owed to Trump Marks by using the proceeds from the sale of certain properties in the Dominican Republic for our personal benefit, (ii) provide Trump Marks with false monthly sales reports, and (iii) cease to provide Trump Marks with monthly sales reports. Compl. ¶¶ 52-62. Without addressing the merits of these allegations, I note that the Complaint does not allege that I or any of the other individual defendants committed this purported wrongdoing while in New York.

17. As a non-party to the License Agreement, I have never agreed to be personally bound by any of the terms of the License Agreement, including the License Agreement's jurisdictional provision. Moreover, I have never otherwise consented to the exercise of jurisdiction over me by any federal or state courts located in the State of New York.

Executed on November 16, 2012

_____
Michell Vargas