UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRUMP MARKS REAL ESTATE LLC,

                Plaintiff,

           v.                                     Case No: 12-cv-06440-NRB

CAP CANA, S.A., RICARDO HAZOURY,
FERNANDO HAZOURY, ABRAHAM
HAZOURY, CATHERINE KURY HAZOURY,
GEORGE SPENCE, MICHEL RODRIGUEZ and
MICHELL VARGAS,

                Defendants.
-----------------------------------------------------------x

## DECLARATION OF GEORGE SPENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Pursuant to 28 U.S.C. § 1746, I, George Spence, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am a defendant in the above-captioned action and have personal knowledge of the facts and circumstances set forth herein.

2. I submit this declaration in support of Defendants' Motion to Dismiss the Complaint filed by Trump Marks Real Estate LLC ("Trump Marks").

### Absence Of General Contacts With New York

3. I was born in Atlanta, Georgia and am a United States citizen. During 1979 and 1980, I resided in the State of New York for approximately one year. I have not resided in the State of New York since 1980. I have continuously resided in the Dominican Republic since 1981.

4. Between August 2007 and February 2011, I was the Executive Vice President of Cap Cana, S.A. ("Cap Cana"). Cap Cana is a real estate development corporation organized under the laws of the Dominican Republic and has its principal place of business in Santo Domingo, Dominican Republic. Cap Cana specializes in the construction and management of commercial and residential real estate properties in the Dominican Republic. During my employment with Cap Cana, the company did not have any offices, employees or registered agents in the State of New York. In addition, Cap Cana did not have any bank accounts or property in the State of New York.

5. As a Cap Cana officer, I worked out of Cap Cana's offices in the Dominican Republic and generally performed my duties in the Dominican Republic.

6. Since 1980, I have not owned or leased any real or personal property of any kind in the State of New York.

7. Since 1980, I have not regularly conducted business in the State of New York or in any other state in the United States. Specifically, I have not:

   a. been employed in the State of New York or in any other state in the United States;

   b. maintained an office, place of business or mailing address in the State of New York or in any other state in the United States;

   c. employed anyone in the State of New York or in any other state in the United States;

   d. owned any business that is registered in, markets to, or conducts business transactions in the State of New York or any other state in the United States;

   e. held any investments or assets in the State of New York;

   f. been a controlling shareholder of any corporation that is registered in, markets to, or conducts business transactions in the State of New York or any other state in the United States;

g. solicited in my personal capacity any business in the State of New York or in any other state in the United States;

h. served on the board of directors of any entity incorporated or otherwise based in the State of New York or any other state in the United States;

i. supervised, managed or made any charitable contributions to any charities, benevolent organizations, or non-profit organizations in the State of New York or in any other state in the United States; and

j. maintained any personal bank accounts or investment accounts of any type in the State of New York.

8. Since 1980, I have not owed or paid taxes in the State of New York.

9. Since 1980, I have not had a telephone listing in the State of New York.

10. I have never appointed an agent for service of process in the State of New York or in any other state in the United States.

11. I have never commenced any legal proceedings in any federal or state court in the State of New York or in any other state in the United States.

**Limited Contacts With New York As A Cap Cana Officer**

12. On or about February 16, 2007, Trump Marks and Cap Cana entered into a license agreement (the "License Agreement") under which Cap Cana planned to market and sell certain real estate properties located near Punta Cana, Dominican Republic that were co-branded with Trump Marks.

13. Because Trump Marks and Cap Cana entered into the License Agreement prior to my employment with Cap Cana, I had no involvement in the negotiations of the License Agreement. In addition, I did not have any involvement with the sale of the real estate properties that are the subject of this litigation because these properties were sold prior to my employment with Cap Cana. Similarly, I did not have any involvement with the distribution of the proceeds

from the sale of these properties because the distribution of these proceeds did not fall under my control or responsibilities as Executive Vice President.

14. In February 2011, I and one of Cap Cana's principals, Fernando Hazoury, traveled to New York City in connection with a potential financing transaction for Cap Cana. Mr. Hazoury and I traveled to New York City in our fiduciary capacities as officers and principals of Cap Cana and not in any personal capacity.

15. During the aforementioned trip to New York City, Mr. Hazoury asked me to accompany him to a meeting he had scheduled with representatives of Trump Marks regarding the License Agreement. Mr. Hazoury asked me to attend this meeting because he wanted me to serve as his translator. Mr. Hazoury and I attended this meeting in our fiduciary capacities as officers and principals of Cap Cana and not in any personal capacity.

16. Other than the aforementioned meeting, I have not had any meetings with any representative of Trump Marks in the State of New York or otherwise traveled to the State of New York in connection with any matters raised in this litigation. Any other meetings or events involving representatives of Trump Marks that I attended took place in the Dominican Republic.

17. In the Complaint, Trump Marks alleges that I and the other individual defendants caused Cap Cana to (i) be unable to pay certain licensing fees supposedly owed to Trump Marks by using the proceeds from the sale of certain properties in the Dominican Republic for our personal benefit, (ii) provide Trump Marks with false monthly sales reports, and (iii) cease to provide Trump Marks with monthly sales reports. Compl. ¶¶ 52-62. Without addressing the merits of these allegations, I note that the Complaint does not allege that I or any of the other individual defendants committed this purported wrongdoing while in the State of New York.

18. As a non-party to the License Agreement, I have never agreed to be personally bound by any of the terms of the License Agreement, including the License Agreement's jurisdictional provision. Moreover, I have never otherwise consented to the exercise of jurisdiction over me by any federal or state courts located in the State of New York.

Executed on November 16, 2012

_____
George Spence