

BEATRIZ EUNICE ZAPATA E.
Abogada-Interprete Judicial
RNC: 001-0175284-8



I, **BEATRIZ EUNICE ZAPATA E.**, Judicial Interpreter of the Court of First Instance of the National District, duly sworn-in for the legal exercise of my duties; CERTIFY: That I have proceeded with a legal translation of a legal document written in the Spanish language, the English version of which, according to the undersigned, reads as follows:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

TRUMP MARKS REAL ESTATE LLC,

                      Plaintiff,

             v.                          Case No: 12-cv-06440-NRB

CAP CANA, S.A., RICARDO HAZOURY,
FERNANDO HAZOURY, ABRAHAM
HAZOURY, CATHERINE KURY HAZOURY,
GEORGE SPENCE, MICHEL RODRIGUEZ and
MICHELL VARGAS,

                      Defendants.

------------------------------------------------------------x

## DECLARATION OF FERNANDO HAZOURY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Pursuant to 28 U.S.C. § 1746, I, Fernando Hazoury, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:



BEATRIZ EUNICE ZAPATA E.
Abogada-Interprete Judicial
RNC: 001-0175284-8

1. I am a defendant in the above-captioned action and have personal knowledge of the facts and circumstances set forth in this document.

2. I submit this declaration in support of Defendants' Motion to Dismiss the Complaint filed by Trump Marks Real Estate LLC's ("Trump Marks").

### Absence Of General Contacts With New York

3. I am a citizen and resident of the Dominican Republic. I am member of the Board of Directors of Cap Cana, S.A. ("Cap Cana"). Cap Cana is a real estate development corporation organized under the laws of the Dominican Republic and has its principal in Santo Domingo, Dominican Republic. Cap Cana specializes in the construction and management of commercial and residential real estate properties in the Dominican Republic. Cap Cana does not have any offices, employees or registered agents in the State of New York. In addition, Cap Cana does not have any bank accounts or property in the State of New York.

4. Between 2000 and 2001, I spent approximately eleven months in the State of New York. However, I often flew back to the Dominican Republic for weeks and days at a time.



BEATRIZ EUNICE ZAPATA E.
Abogada-Interprete Judicial
RNC: 001-0175284-8

5. Approximately twenty-five years ago, I owned a residential property in the State of New York. Since selling this property, I have not owned any real property in the State of New York.

6. I have periodically conducted business in the State of New York in my capacity as a corporate employee and representative of Dominican corporations. I have never conducted business in New York in my personal capacity and have never:

   a. been employed in the State of New York;

   b. maintained an office or place of business in the State of New York;

   c. employed anyone in the State of New York;

   d. owned any company that is incorporated in the State of New York or otherwise registered to do business in the State of New York;

   e. owned any company that provides any goods or services in the State of New York;

   f. solicited in my personal capacity any business in the State of New York; or

   g. served on the board of directors of any entity incorporated in the State of New York.

7. Since selling the residential property that I owned approximately twenty-five years ago, I have not owed or paid taxes in the State of New York.

8. I have never appointed an agent for service of process in the State of New York or in any other state in the United States.


BEATRIZ EUNICE ZAPATA E.
Abogada-Interprete Judicial
RNC: 001-0175284-8



## Contacts With New York As A Cap Cana Director

9. On or about February 16, 2007, Trump Marks and Cap Cana entered into a license agreement (the "License Agreement") under which Cap Cana planned to market and sell certain real estate properties located near Punta Cana, Dominican Republic that were co-branded with Trump Marks.

10. As member of Cap Cana's Board of Directors, I have had approximately 5 meetings with representatives of Trump Marks in New York City in connection with the License Agreement. I attended these meetings solely in my fiduciary capacity as a Cap Cana director and not in any personal capacity. While in the Dominican Republic, I have participated in approximately 15 conference calls with representatives of Trump Marks in my capacity as a Cap Cana director and not in any personal capacity.

11. In the Complaint, Trump Marks alleges that I and the other individual defendants caused Cap Cana to (i) be unable to pay certain licensing fees supposedly owed to Trump Marks by using the proceeds from the sale of certain properties in the Dominican Republic for our personal benefit, (ii) provide Trump Marks with false monthly sales reports, and (iii) cease to provide Trump Marks with monthly sales reports. Compl. ¶¶ 52-62. Without addressing the merits of these allegations, I note that the



BEATRIZ EUNICE ZAPATA E.
Abogada-Interprete Judicial
RNC: 001-0175284-8

Complaint does not allege that I or any of the other individual defendants committed this purported wrongdoing while in New York.

12. As a non-party to the License Agreement, I have never agreed to be personally bound by any of the terms of the License Agreement, including the License Agreement's jurisdictional provision. Moreover, I have never otherwise consented to the exercise of jurisdiction over me by any federal or state courts located in the State of New York.

Executed on November 16, 2012

Fernando Hazoury

IN WITNESS WHEREOF, I sign and seal this document upon the request of the interested party, in the National District, Santo Domingo, Capital of the Dominican Republic, on this fifteenth (15th) day of the month of November of the year two thousand twelve (2012). This is a faithful translation effected from the original document.

Beatriz Eunice Zapata E.
Judicial Interpreter

CORTE DEL DISTRITO DE LOS ESTADOS UNIDOS
DISTRITO DEL SUR DE NUEVA YORK
------------------------------------------------------------x
TRUMP MARKS REAL ESTATE LLC,

                Demandante,

                contra                 Caso No: 12-cv-06440-NRB

CAP CANA, S.A., RICARDO HAZOURY,
FERNANDO HAZOURY, ABRAHAM
HAZOURY, CATHERINE KURY HAZOURY,
GEORGE SPENCE, MICHEL RODRIGUEZ y
MICHELL VARGAS,

                Demandados.
------------------------------------------------------------x

## DECLARACIÓN DE FERNANDO HAZOURY EN APOYO
## DE LA MOCIÓN DE LOS DEMANDADOS PARA DESESTIMAR LA DEMANDA

Conforme a 28 U.S.C. § 1746, I, Fernando Hazoury, declara bajo la pena de perjurio bajo las leyes de los Estados Unidos de América, que lo siguiente es verdadero y correcto:

1.     Soy demandado en la acción arriba indicada y tengo conocimiento personal de los hechos y circunstancias establecidos en este documento.

2.     Presento esta declaración en apoyo a la moción de los demandados para desestimar la demanda interpuesta por Trump Marks Real Estate LLC's ("Trump Marks").

**Ausencia de Contactos Generales con New York**

3. Soy un ciudadano y residente de la República Dominicana. Soy miembro del Consejo de Administración de Cap Cana, SA ("Cap Cana"). Cap Cana es una empresa de desarrollo inmobiliario organizada bajo las leyes de la República Dominicana y tiene su domicilio principal en Santo Domingo, República Dominicana. Cap Cana está especializada en la construcción y gestión de propiedades inmobiliarias comerciales y residenciales en la República Dominicana. Cap Cana no tiene oficinas, empleados o agentes registrados en el Estado de Nueva York. Además, Cap Cana no tiene cuentas bancarias o bienes en el Estado de Nueva York.

4. Entre el año 2000 y el año 2001 pernocté por unos 11 meses en el Estado de Nueva York. Sin embargo, la mayoría del tiempo durante ese período prácticamente viajaba a Santo Domingo todos los meses por unos días.

5. Aproximadamente hace veinte años atrás, fui propietario de un inmueble residencial en el Estado de Nueva York. Desde de la venta de esa propiedad, no he sido propietario de ningún bien inmueble en el Estado de Nueva York.

6. He llevado a cabo periódicamente negocios en el Estado de Nueva York, en mi condición de empleado corporativo y representante de sociedades o de corporaciones Dominicanas. Nunca he hecho negocios en el Estado de Nueva York de manera personal y nunca:

    a. he sido empleado en el Estado de Nueva York;

    b. he mantenido una oficina o lugar de negocios en el Estado de Nueva York;

    c. he empleado a nadie en el Estado de Nueva York;

2

d. he sido propietario de una compañia incorporada en el Estado de Nueva York o de cualquier otra forma registrada para hacer negocios en el Estado de Nueva York;

e. he sido propietario de una compañia que provea bienes o servicios en el Estado de Nueva York;

f. he solicitado por mi mismo ningún negocio en el Estado de Nueva York, o

g. he formado parte del consejo de administración de alguna entidad incorporada en el Estado de Nueva York .

7. Desde la venta de la propiedad residencial de la cual fui propietario hace aproximadamente veinte años, no he debido o pagado impuestos en el Estado de Nueva York.

8. Nunca he designado un agente para la notificación de actos procesales en el Estado de Nueva York o en cualquier otro estado en los Estados Unidos.

**Contactos con New York como Director de Cap Cana**

9. En o alrededor del 16 de febrero del 2007, Trump Marks y Cap Cana suscribieron un acuerdo de licencia (el "Contrato de Licencia") en virtud del cual Cap Cana planeó comercializar y vender ciertos inmuebles ubicados cerca de Punta Cana, República Dominicana, conjuntamente con la marca de Trump Marks.

10. Como miembro del Consejo de Administración de Cap Cana, he tenido aproximadamente 5 reuniones con los representantes de Trump Marks en el Estado de Nueva York, en relación con el Contrato de Licencia. Asistí a las reuniones únicamente en mi calidad de representante como director de Cap Cana y no a título personal. En la República Dominicana sostuve aproximadamente unas 15 llamadas de conferencia con los representantes de Trump Marks en mi calidad de director de Cap Cana y no a título personal.

3

11. En la demanda, Trump Marks alega que los demandados individuales y yo causamos a Cap Cana a (i) ser incapaz de pagar ciertas cuotas de licencia supuestamente adeudados a Trump Marks mediante el uso de los ingresos de la venta de ciertas propiedades en la República Dominicana para nuestro beneficio personal, (ii) proporcionar a Trump Marks falsos informes de ventas mensuales, y (iii) dejar de proporcionar a Trump Marks los informes de ventas mensuales. Compl. ¶¶ 52-62. Sin entrar en el fondo de estas alegaciones, cabe señalar que la demanda no alega que cualquiera de los otros demandados individuales o yo cometimos este delito supuestamente mientras estábamos en el Estado de Nueva York.

12. Al no ser parte del Contrato de Licencia, nunca he aceptado estar obligado personalmente por cualquiera de los términos del Contrato de Licencia, incluyendo la provisión jurisdiccional del Contrato de licencia. Por otra parte, nunca he consentido el ejercicio de la jurisdicción sobre mí por cualquier tribunal federal o estatal ubicado en el Estado de Nueva York

Firmado el 16 de Noviembre del 2012.

*Fernando Hazoury*