UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRUMP MARKS REAL ESTATE LLC,

                Plaintiff,

                v.                    Case No: 12-cv-06440-NRB

CAP CANA, S.A., RICARDO HAZOURY,
FERNANDO HAZOURY, ABRAHAM
HAZOURY, CATHERINE KURY HAZOURY,
GEORGE SPENCE, MICHEL RODRIGUEZ and
MICHELL VARGAS,

                Defendants.
-----------------------------------------------------------x

**AFFIDAVIT OF DR. MANUEL BERGES CHUPANI IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

BEATRIZ EUNICE ZAPATA E.
Abogada-Interprete Judicial
RNC: 001-0175284-8



I, BEATRIZ EUNICE ZAPATA E., Judicial Interpreter of the Court of First Instance of the National District, duly sworn-in for the legal exercise of my duties; CERTIFY: That I have proceeded with a legal translation of a legal document written in the Spanish language, the English version of which, according to the undersigned, reads as follows:

## DR. MANUEL BERGES CHUPANI

## TO WHOM IT MAY CONCERN

### November 12, 2012

RE: **AFFIDAVIT PROVIDING LEGAL OPINION REGARDING PIERCING THE CORPORATE VEIL. ARTICLE 12 OF LAW No. 479-08, DATED DECEMBER 11, 2008, REGARDING COMMERCIAL COMPANIES AND INDIVIDUAL LIMITED LIABILITY COMPANIES, AMENDED BY LAW 31-11 DATED FEBRUARY 1, 2011.**

### Section I: Biography:

1.- The undersigned, Dr. Manuel Bergés Chupani, is a practicing attorney in the Dominican Republic, a member of the Board of Attorneys [Bar Association] holding Professional Credential No. 0002-864, and as such is authorized to issue this opinion.

2.- The professional experience of the undersigned may be summarized as follows: I am a graduate of the Law School of Universidad de Santo Domingo, in 1942. After graduation I started in private practice, and since 1945, I have worked for the judiciary in various Courts in the country. In 1959, at 39 years of age, I was appointed Justice of the *Suprema Corte de Justicia*, which is the Supreme Court of the Dominican Republic. I held that position until February of 1976, when I resigned to join the law firm of Troncoso & Cáceres.

3.- In 1982, I was appointed by the Senate of the Republic [as] Chief Justice of the *Suprema Corte de Justicia*, and I held that position until 1986.

4.- For many years I have been a professor of Civil Law at the Faculty of Legal and Political Sciences of Universidad Nacional Pedro Henríquez Ureña and I currently hold the title of Dean Emeritus of said Faculty.

5.- For more than 8 years I was also Chair of the Council of Conciliation and Arbitration of the Chamber of Commerce and Production of Santo Domingo, Inc.

6.- I have published 7 volumes of compiled Dominican Case Law.

BEATRIZ EUNICE ZAPATA E.
Abogada-Interprete Judicial
RNC: 001-0175284-8



7.- I continue to work in private practice, dedicated primarily to civil and commercial matters.

**Section II: Legal Opinion:**

8.- I would like to state the following, for the purposes of this opinion:

9.- I have been requested to provide an opinion regarding whether the laws of the Dominican Republic permit the piercing of the corporate veil or the unenforceability of legal personality of companies, and, if so, the conditions under which the veil of the same may be pierced in a private litigation.

10.- This is referenced in Dominican legislation, in Article 12, Law No. 479-08, dated December 11, 2008, regarding Commercial Companies and Individual Limited Liability Companies, amended by Law 31-11, dated February 2011 (hereinafter the "Companies Act"), which reads as follows:

*"Article 12.*
*Section II.*
*REGARDING THE UNENFORCEABILITY OF LEGAL PERSONALITY.*

*Article 12. The legal personality of a company may be disregarded, when it is used to skirt the law, to violate public interest or to evade the law and to the detriment of the rights of the members, shareholders or third parties. For the purpose of attacking the unenforceability of the legal personality one must provide reliable proof of the effective use of the commercial company as a means for achieving the stated purposes.*

*Paragraph I.- The unenforceability of legal personality may be attacked per the rules of commercial procedure, and action may secondarily be brought before the criminal courts if it is of interest and inherent in the nature of the case.*

*Paragraph II.- The declaration of unenforceability shall not result in nullification of the company; it shall produce effects only with respect to the specific case for which it has been declared.*

*Paragraph III.- For these purposes, the petitioned court shall decide to which party or parties the assets or certain assets, rights and obligations of the company belong, pursuant to the law.*

*Paragraph IV.- Under no circumstances may the unenforceability of the legal personality affect third parties in good faith.*

 

*Paragraph V.- The foregoing provisions shall be applicable without prejudice to the personal liabilities of the participants in the facts, according to the degree of their participation in and knowledge of the same."*

11.- I start out by noting that a commercial company is a company that has as its purpose the performance of acts of commerce or activities subject to commercial law and to the rules of the Commercial Code of the Dominican Republic and the statutory laws relative to the matter, such as the Companies Act.

12.- These commercial companies, since they have a purpose that is for profit, differ from what are called "civil companies" [*"sociedades civiles"*], which do not pursue commercial gain and are subject to different regulations.

13.- The Companies Act acknowledges that the legal personality of a corporate entity is unique and distinct from the legal personality of its members, and that the corporate entity has its own, assets and obligatins that are distinct from the asserts and obligations of its members.

14.- The legal personality of the company is created by the execution of the incorporation documents and their subsequent filing with the Commercial Register[1], and it is terminated with the termination or liquidation of the company. Upon its creation, the entity is authorized to exercise its legal life with all the rights and privileges that this implies[2], including that of enjoying the protection offered by our substantive law.

15.- So that when a company or firm is legally organized, with its members having been limited to paying in their shares, a "corporate veil" is created that separates the rights and obligations of each of them, from the rights and obligations of the shareholders, partners and directors in relation to their personal assets, which as we have already stated, differ from those of the company.

16.- The purpose of the Companies Act is to establish the standards for competent authorities to be able to determine when the distinct legal personality of a commercial company may be rejected.

17.- So, when is this legal personality of companies rejected or disregarded according to Dominican law? The answer is set forth in the already cited Article 12 of the Companies Act, which states:

---

[1] Article 5 of the Companies Act.
[2] PUELLO HERRERA, Juan F. *Las Sociedades Comerciales: Conceptos Jurídicos y Tipología.* P. 2. Available at http://www.puelloherrera.com/pdf/Las_Sociedades_Comerciales_Conceptos_Juridicos_y_Tipologia.pdf

 

*The legal personality of a company may be disregarded, when it is used to skirt the law, to violate public interest or to evade the law and to the detriment of the rights of the members, shareholders or third parties. For the purpose of attacking the unenforceability of the legal personality one must provide reliable proof of the effective use of the commercial company as a means for achieving the stated purposes.*

18.- This means that the legal personality of the company is disregarded, i.e., the veil is pierced or lifted, when one or several of the shareholders are using the company to skirt the law, to violate the public interest or in violation and to the detriment of the rights of the members, shareholders or third parties.

19.- In order for the piercing of the corporate veil to take effect, reliable proof must be provided, per the rules of commercial procedure, of the effective use of the commercial company as a means of achieving these improper purposes,.

20.- The Companies Act does not set forth the criteria that a party seeking to pierce the corporate veil must satisfy, with the exception that fraud[3] is a necessary element of a corporate veil piercing claim. Thus, the determination of when to pierce the corporate veil is made by judges on a case by case basis.

21.- Notably, the Companies Act provides defendants with a good faith defense. Thus, a party will be unable to pierce the corporate veil where the defendant acted in good faith.

22.- Courts reviewing a veil piercing claim generally consider the following when determining whether to disregard the corporate personality: (i) whether the objective facts show that the corporate personality was used to accomplish an unlawful purpose, (ii) whether the evidence shows that the defendant intended to abuse the corporate personality for an unlawful purpose, and (iii) whether the failure to pierce the corporate veil will result in an injustice.

23.- In determining whether the evidence shows that the corporate personality was used to accomplish an unlawful purpose, courts consider, among other things, whether the company had adequate corporate governance procedures and followed general corporate formalities.

24.- In determining whether the evidence shows that a defendant intended to use the corporate personality for an unlawful purpose, courts consider, among other things, whether the defendant intended to use the corporation to commit a fraud or other unlawful act.

---

[3] According to the Henri Capitant legal dictionary, evasion is that *"acto cumplido intencionalmente, con la finalidad de herir los derechos o intereses ajenos"* ["intentional act, intended to harm the rights or interests of others"].

 

25.- In determining whether the failure to pierce the corporate veil will result in an injustice, courts consider, among other things, whether the party seeking to pierce the corporate veil will suffer serious damage and prejudice.

26.- There is no precedent in the Dominican Republic in which a party has been permitted to pierce the corporate veil.4.

I declare, under oath, pursuant to the laws of the United States of America, that all the foregoing is true and accurate.

**Dr. Manuel Bergés Chupani**

---

[4] Civil Ruling No. 1291 specified: *"That in the current state of our legislation, if the formal structure of the legal entity is used abusively, the judge may reject it so that the intended result that is contrary to law shall fail (...). But it turns out that in this case, as has been previously stated, it is not possible to maintain evasion of the law or an action by the respondents with the predetermined purpose of damaging third parties, in this case the plaintiff. Therefore, it is evident that the theiry regarding piercing of the corporate veil does not apply (...)."*



**BEATRIZ EUNICE ZAPATA E.**
Abogada-Interprete Judicial
RNC: 001-0175284-8

IN WITNESS WHEREOF, I sign and seal this document upon the request of the interested party, in the National District, Santo Domingo, Capital of the Dominican Republic, on this sixteenth (16th) day of the month of November of the year two thousand twelve (2012). This is a faithful translation effected from the original document.

Beatriz Eunice Zapata E.
Judicial Interpreter

Calle Los Robles No.28, Los Prados
Distrito Nacional, Santo Domingo de Guzmán, República Dominicana
☎: 809-562-3344 Ext.311; 809 481-5024 | ✉: Beatriz_z54@hotmail.com; bz1522@gmail.com

DR. MANUEL BERGES CHUPANI

A QUIEN PUEDA INTERESAR

12 de noviembre de 2012

ASUNTO: OPINIÓN LEGAL PROVEYENDO AFFIDÁVIT SOBRE LEVANTAMIENTO DEL VELO CORPORATIVO. ARTICULO 12 DE LA LEY NO. 479-08, DE FECHA 11 DE DICIEMBRE DE 2008, SOBRE SOCIEDADES COMERCIALES Y EMPRESAS INDIVIDUALES DE RESPONSABILIDAD LIMITADA, MODIFICADA POR LA LEY 31-11 DEL 1RO. DE FEBRERO DEL 2011.

### Sección I: Biografía:

1.- El suscrito, Dr. Manuel Berges Chupani, es abogado en ejercicio en la República Dominicana, miembro del Colegio de Abogados con Carnet Profesional No. 0002-864, y como tal habilitado para expresar la presente opinión.

2.- La experiencia profesional del suscrito puede resumirse como sigue: soy graduado de la Escuela de Derecho de la Universidad de Santo Domingo, en 1942. A partir de mi graduación inicié la práctica privada y desde 1945, trabajé para la judicatura en diferentes Cortes del país. En 1959, a los 39 años de edad, fui designado Juez de la Suprema Corte de Justicia, que es el Tribunal Supremo de la República Dominicana; ocupé este cargo hasta Febrero de 1976, cuando renuncié para asociarme a la firma de Abogados Troncoso & Cáceres.

3.- En el año 1982, fui nombrado por el Senado de la República Presidente de la Suprema Corte de Justicia, y ocupé este cargo hasta el año 1986.

4.- He sido por muchos años Profesor de Derecho Civil de la Facultad de Ciencias Jurídicas y Políticas de la Universidad Nacional Pedro Henríquez Ureña y actualmente ostento el título de Decano Emérito de dicha Facultad.

5.- También fui Presidente por más de 8 años del Consejo de Conciliación y Arbitraje de la Cámara de Comercio y Producción de Santo Domingo, Inc.

6.- He publicado 7 volúmenes de recopilación de Jurisprudencia Dominicana.

7.- Continúo en la práctica privada dedicado principalmente a las materias civil y comercial.

### Sección II: Opinión Legal:

8.- Me gustaría exponer lo siguiente, para los fines de esta opinión:

9.- He sido requerido para dar una opinión sobre si la legislación en la República Dominicana permite el levantamiento del velo corporativo o inoponibilidad de la personalidad jurídica de las sociedades, y si lo permite, cuales serían las condiciones bajo las cuales dicho velo podría ser levantado en un litigio privado.

10.- A esto se refiere en la legislación dominicana, el Artículo 12 de la Ley No. 479-08, de fecha 11 de diciembre de 2008, sobre Sociedades Comerciales y Empresas Individuales de Responsabilidad Limitada,

1

modificada por la Ley 31-11 del 1ero de febrero del 2011 (en lo adelante la "Ley de Sociedades"), el cual textualmente copiado expresa:

> "*Artículo 12.*
> *Sección II.*
> *DE LA INOPONIBILIDAD DE LA PERSONALIDAD JURÍDICA.*
>
> *Artículo 12. Podrá prescindirse de la personalidad jurídica de la sociedad, cuando ésta sea utilizada en fraude a la ley, para violar el orden público o con fraude y en perjuicio de los derechos de los socios, accionistas o terceros. A los fines de perseguir la inoponibilidad de la personalidad jurídica se deberá aportar prueba fehaciente de la efectiva utilización de la sociedad comercial como medio para alcanzar los fines expresados.*
>
> *Párrafo I.- La inoponibilidad de la personalidad jurídica se podrá perseguir según las reglas del procedimiento comercial, pudiendo ser llevada accesoriamente por ante la jurisdicción represiva si fuera de interés e inherente a la naturaleza del caso.*
>
> *Párrafo II.- La declaración de inoponibilidad no acarreará la nulidad de la sociedad; la misma producirá efectos sólo respecto al caso concreto para el cual ella haya sido declarada.*
>
> *Párrafo III.- A estos efectos, el tribunal apoderado determinará a quién o a quiénes corresponda, conforme al derecho, el patrimonio o determinados bienes, derechos y obligaciones de la sociedad.*
>
> *Párrafo IV.- En ningún caso la inoponibilidad de la personalidad jurídica podrá afectar a terceros de buena fe.*
>
> *Párrafo V.- Lo dispuesto precedentemente se aplicará sin perjuicio de las responsabilidades personales de los participantes en los hechos, según el grado de su intervención y conocimiento de ellos."*

11.- Inicio señalando que la sociedad comercial es aquella sociedad que tiene por objeto la realización de actos de comercio o actividades sujetas al derecho mercantil y sometido a las reglas del Código de Comercio de la República Dominicana y de las leyes establecidas referidas a la materia, como sería la Ley de Sociedades.

12.- Estas sociedades comerciales, al tener un objeto diferente como lo es el lucro, se diferencian de las denominadas sociedades civiles, que no persiguen beneficios económicos y están sujetas a una reglamentación diferente.

13.- La Ley de Sociedades reconoce que la personalidad jurídica de una empresa es única y distinta de personalidad jurídica de sus miembros, y que la sociedad comercial tiene por sus propios bienes y obligaciones que son distintas de los bienes y obligaciones de sus miembros.

14.- La personalidad jurídica de la empresa, nace con la suscripción de los documentos de incorporación y su posterior inscripción en el Registro Mercantil, y esta termina con la terminación o liquidación de la sociedad comercial. A partir de su creación, la entidad se encuentra autorizada para ejercer la vida jurídica con todos sus derechos y privilegios que esto implica, incluyendo la potestad de gozar de la protección ofrecida por nuestro derecho sustantivo.

---

[1] Artículo 5 de la Ley de Sociedades.

15.- De manera que al constituirse legalmente una empresa o compañía, cuyos socios se han limitado al pago de sus acciones, se crea un "velo corporativo" que separa los derechos y obligaciones de cada uno de ellos, de los derechos y obligaciones de los accionistas, socios y directores en relación a sus patrimonios personales, que como ya expresamos, son diferentes de los de la compañía.

16.- La Ley de Sociedades tiene por objeto establecer las normas para que las autoridades competentes puedan determinar cuando la personalidad jurídica de una sociedad comercial pueda ser rechazada.

17.- Ahora bien, ¿Cuando se prescinde o se desestima esa personalidad jurídica de acuerdo a las leyes dominicanas? La respuesta está establecida en el ya citado Artículo 12 de la Ley de Sociedades cuando expresa:

*"Podrá prescindirse de la personalidad jurídica de la sociedad, cuando ésta sea utilizada en fraude a la ley, para violar el orden público o con fraude y en perjuicio de los derechos de los socios, accionistas o terceros. A los fines de perseguir la inoponibilidad de la personalidad jurídica se deberá aportar prueba fehaciente de la efectiva utilización de la sociedad comercial como medio para alcanzar los fines expresados."*

18.- Esto significa que se prescinde de la personalidad jurídica de la compañía, es decir, se corre la develación del velo corporativo, cuando uno o varios de los accionistas se encuentran utilizando la compañía para violar la ley, el orden público o en violación y perjuicio de los derechos de los socios, accionistas o de terceros.

19.- Para lograr que el levantamiento del velo corporativo sea efectivo se deberá aportar la prueba fehaciente, según las reglas del procedimiento comercial, de la efectiva utilización de la sociedad comercial como medio para alcanzar los propósitos impropios.

20.- La Ley de Sociedades no establece los criterios que deben ser cumplidos por aquella parte que persiga levantar el velo corporativo, con la excepción del fraude[2], el cual es un elemento necesario para una reclamación de levantamiento del velo corporativo. Por lo tanto, la decisión de cuando levantar el velo corporativo está a cargo de los jueces, sobre la base de caso por caso.

21.- En especial, la Ley de Sociedades provee a los demandados una defensa de buena fe. Por lo tanto, la parte demandante no podrá levantar el velo corporativo cuando el demandado haya actuado de buena fe.

22.- Los tribunales que estén conociendo de una demanda de levantamiento del velo corporativo generalmente toman en cuenta lo siguiente para determinar el desistimiento de la personalidad jurídica de la sociedad: (i) si los hechos objetivos demuestran que la personalidad jurídica se utilizó para llevar a cabo un fin ilícito, (ii) si la prueba demuestra que el acusado pretende abusar de la personalidad jurídica para un propósito ilícito, y (iii) si el hecho de no perforar el velo corporativo dará lugar a una injusticia.

23.- Para determinar si los hechos objetivos demuestran que la personalidad jurídica de la sociedad se utilizó para llevar a cabo un fin ilícito, los tribunales toman en cuenta, entre otras cosas, si la empresa contaba con procedimientos adecuados de administración corporativa y si seguía formalidades corporativas generales.

---

[2] Conforme el diccionario jurídico de Henri Capitant, fraude es aquel "acto cumplido intencionalmente, con la finalidad de herir los derechos o intereses ajenos".

24.- Para determinar si las pruebas demuestran que el demandado pretendía utilizar la personalidad jurídica de la sociedad para un propósito ilegal, los tribunales toman en cuenta, entre otras cosas, si el demandado tuvo la intención de utilizar la sociedad para cometer un fraude o acto ilícito.

25.- Para determinar si el hecho de no levantar el velo corporativo podría dar lugar a una injusticia, los tribunales consideran, entre otras cosas, si la parte que persigue develar el velo corporativo podría sufrir graves daños y prejuicios.

26.- En la República Dominicana no hay precedentes en el cual se haya permitido a una parte el develar el velo corporativo3.

Declaro, bajo la pena de perjurio, bajo las leyes de los Estados Unidos de América, que todo lo anterior es verdadero y correcto.

Dr. Manuel Berges Chupani

---

[3] La Sentencia Civil No. 1291 estableció: *"Que en el estado actual de nuestra legislación, si la estructura formal de la persona jurídica se utiliza de una manera abusiva el juez puede descartarla para que fracase el resultado contrario al derecho que se persigue (…). Pero resulta que en la especie, tal cual se ha sostenido previamente, no es posible retener un fraude a la ley o una actuación por parte de los demandados con el designio predeterminado de perjudicar a terceros, en este caso a la demandante. Por consiguiente, es evidente que no aplica la teoría sobre el levantamiento del velo corporativo (…)".*

4