# EXHIBIT K



MEJIA LORA & ASOCIADOS

*Independent Members of*

**BKR**
INTERNATIONAL

Agreed-Upon Procedures Report
Based on License Agreement celebrated among CAP CANA, SA and TRUMP
MARKS REAL ESTATE LLC
Regarding the commissions over the sales of lots at Cap Cana Project
commercialized under the Trump Brand known as
"Trump Farallon Estates at Cap Cana"

### FINAL REPORT

This agreed upon procedures report was prepared by MEJIA LORA & ASOCIADOS
Under Agreed-Upon Procedures Engagement Letter dated July 9, 2009
between Mejía Lora & Asociados and TRUMP MARKS REAL ESTATE LLC

Membresias:      

Av. Sarasota # 136, Santo Domingo, República Dominicana.  Teléfono.: (809) 482-0838,
Fax: (809) 482-0716. Email: contactenos@mejialora.com. www.mejialora.com
www.bkr.com     RNC:1-01-54975-2

*Independent member of*



**MEJIA  LORA  & ASOCIADOS**

**BKR** INTERNATIONAL

---

**AGREED UPON PROCEDURES REPORT**
Based on License Agreement celebrated among CAP CANA, SA and TRUMP MARKS REAL ESTATE LLC
Regarding the commissions over the sales of lots at Cap Cana Project commercialized under the Trump Brand known as
"Trump Farallon Estates at Cap Cana"

---

### TABLE OF CONTEXT

INTRODUCTION AND PRINCIPAL CRITERIA

OBJECTIVE, SCOPE AND METHODOLOGY

INDEPENDENT ACCOUNTANTS' REPORT  ON APPLYING AGREED-UPON PROCEDURES

RESULTS ON AGREED-UPON PROCEDURES

CONCLUSION

ATTACHMENT

Membresias:       

Av. Sarasota # 136, Santo Domingo, República Dominicana.   Teléfono.: (809) 482-0838,
Fax: (809) 482-0716. Email: contactenos@mejialora.com. www.mejialora.com
www.bkr.com   RNC:1-01-54975-2



MEJIA LORA
& ASOCIADOS

*Independent Members of*

**BKR**
INTERNATIONAL

## I.   INTRODUCTION AND PRINCIPAL CRITERIA

On February 16, 2007 in New York City, United States, companies Trump Marks Real Estate, LLC. (hereinafter "Trump") as Licensor, and Cap Cana, S. A. (hereinafter "Cap Cana") as Licensee signed an agreement entitled "License Agreement", whereby basically Licensor grants to Licensee during the term of the Agreement the rights to use the Licensed Mark "TRUMP" for the purpose of identifying, promoting and marketing the development of a super luxury project on a certain real property which its owned by Cap Cana in the Dominican Republic (specifically in Juanillo, provincia La Altagracia).   The super luxury project is comprised of the following components:

1. Golf Lots/ Golf villas.
2. Recreational components.
3. Residential Building.
4. 68 private estate lots.
5. Condo-Hotel Component.
6. Commercial component.

The License Agreement established that Licensee shall pay to Licensor for the license of the Licensed Mark fees, as follows:

| Amount of Payment (US$) | Timing / manner of payment |
|---|---|
| 1,500,000 | Upon execution of the License Agreement |
| 1,500,000 | Within 180 days after the date of the License Agreement |
| 1,000,000 | Within 180 days after the date of the License Agreement |
| 6% of Estates Lot Gross Sale. For purpose of the Agreement. "Estate Lot Gross Sales" shall mean the total final selling price for each Estate Lot, without any deduction there-from whatsoever, actually received for the purchaser of each Estate Lot. | Payment will be made at Closing. For the purpose of the agreement Closing shall mean the date when the buyer (i) received or is deemed to have receive the lot, unit or other, and (ii) at least 90% of purchase price of such lot have been paid, provided however that in the event of more than 30% of the purchase price of any lot should be paid prior to the occurrence of (i) above and such sums are released to Licensee, Licensor |

Membresias:      

Av. Sarasota # 136, Santo Domingo, República Dominicana.   Teléfono.: (809) 482-0838, Fax: (809) 482-0716. Email: contactenos@mejialora.com. www.mejialora.com
www.bkr.com    RNC:1-01-54975-2

| | shall be paid on a pro rata basis ***. |
|---|---|
| 20% of the amount by which the Estate Lot Gross Sales per square meter equals or exceeds $437( the Estate Lot Base Price) an is less than $50 per square meter in excess of the Estate Lot Base Price, multiplied by the number of saleable square meters | Payment will be made at Closing (subject to Licensor's right to receive the Pro Rata Share in advanced as set forth above) |
| 30% of the amount by which the Estate Lot Gross Sales per square meter equals or exceeds the Estate Lot Base Price plus  $50 per square meter and is less than $100 per square meter in excess of the Estate Lot Base Price, multiplied by the number of saleable square meters | Payment will be made at Closing (subject to Licensor's right to receive the Pro Rata Share in advanced as set forth above) |
| 40% of the amount by which the Estate Lot Gross Sales per square meter equals or exceeds the Estate Lot Base Price plus  $10 per square meter and is less than $150 per square meter in excess of the Estate Lot Base Price, multiplied by the number of saleable square meters | Payment will be made at Closing (subject to Licensor's right to receive the Pro Rata Share in advanced as set forth above) |
| 50% of the amount by which the Estate Lot Gross Sales per square meter equals or exceeds the Estate Lot Base Price plus  $150 per square meter, multiplied by the number of saleable square meters | Payment will be made at Closing (subject to Licensor's right to receive the Pro Rata Share in advanced as set forth above) |

<u>Note:</u>  For the purpose of this Report we are only listing the criteria for the calculation of the fees corresponding to Estate Lots sales as established in the Agreed-upon Procedures Engagements Letter.

*** Pro rata basis:



| Payment of % purchase price | Pro rata basis of license fee payable. |
|---|---|
| 0-30% | 0% |
| 31% - 40% | 20% |
| 41% - 50% | 25% |
| 51% - 60% | 30% |
| 61% - 70% | 35% |
| 71% - 80% | 40% |
| 81% - | 100% |



**MEJIA LORA & ASOCIADOS**

*Independent Members of*

**BKR**
INTERNATIONAL

## II.   OBJECTIVES, SCOPE AND METHODOLY

The primary objective of this engagement was to verify that, based on the License Agreement celebrated among CAP CANA and TRUMP, all the fees regarding the sale of lots at Cap Cana Project, commercialized under the Trump Brand, have been properly recorded and accurately communicated to Trump Marks Real Estate, LLC.

According to Annex A of the Agreed-Upon Procedures Engagement Letter, we performed the following procedures:

<u>License Agreement</u>

We reviewed the license agreement (TRUMP-CAP CANA) in order to verify the terms and conditions related to commissions/fees to be recorded/pay to Trump Marks Real State, LLC, regarding to the lots sold and the collection of the receivable from the lots buyers. In that order, during our work we had access to the License Agreement between Trump Marks Real Estate, LLC and Cap Cana, S. A., also to the schedule 3-1 "License Fee" of it. We are aware that the agreement has other schedules, of which we had no access for the purpose of our work

<u>Revenue</u>

We reviewed all purchase contracts of any Lot established as sold between Cap Cana and the lots buyers.

We reviewed all amendments issued (supplied by Cap Cana to us).

We traced the amount reported as Trump Farallon Lots sales by Cap Cana to each contracts.

<u>Commissions, payables and due</u>

We verified each license fee payment made by Cap Cana to Trump.
We verified the retained taxes over payments to Trump and traced them to the tax forms filed by Cap Cana.

Membresías:      

Av. Sarasota # 136, Santo Domingo, República Dominicana.  Teléfono: (809) 482-0838,
Fax: (809) 482-0716. Email: contactenos@mejialora.com. www.mejialora.com
www.bkr.com    RNC:1-01-54975-2



We proceeded to recalculate the fees payable and due for each sale contract, according to schedule 3-1 of License Agreement.

We reviewed the record of the fees in Cap Cana accounting books as of June 30, 2009.

We confronted the accounts receivable as indicated in Cap Cana report versus their accounting records (aging report and general ledger).

We obtained balance confirmations directly from lots buyers.

We performed test over payments received (not exhaustive) from lot buyer to Cap Cana and confronted those to accounting books and Cap Cana's report (in which fees were calculated by them).

We calculated the accounts receivable of each tot purchaser as of June 30, 2009 according the payment schedule established in sale contract. Consequently compare the resulting amount versus Cap Cana' report.

We obtained representation letters from Cap Cana as follows:

- About lots available for sale as of June 30, 2009
- About lots not for sale.
- About the reason fees due have not been paid to Trump.
- About accounts receivable that are been collected directly by Cap Cana and have not been assigned to any financial institution.

We revised discount granted and its supporting documentation, by confronting those established in original contracts versus those indicated in Cap Cana's report.

We recalculated the interest over fees due in accordance to Trump instructions.


Our procedures were focus on Estate lots sales during the period of February 2007 through June 30, 2009.


The engagement was conducted in accordance with agreed-upon procedures engagement letter and included such tests as the considered necessary to satisfy the objectives of the engagement.



MEJIA LORA
& ASOCIADOS

*Independent Members of*

**BKR**
INTERNATIONAL

III.

### Independent's Accountant's Report on Applying Agreed-Upon Procedures

We have performed the procedures enumerated below, which were agreed to by the Trump Marks Real Estate, solely to assist you verifying that based on the License Agreement celebrated among CAP CANA, SA (a Dominican company) and TRUMP MARKS REAL ESTATE LLC (a Delaware Limited Liability Company) all the payments regarding the sale of Farallon Estate Lots at Cap Cana commercialized under the Trump Brand have been properly recorded and accurately communicated to Trump Marks Real Estate, LLC representing sales of 68 lots during the period during the period of February 2007 through June 30, 2009.

This agreed-upon procedures engagement was conducted in accordance with International Standard on Auditing (ISA) 920, "Engagements to Perform Agreed-Upon Procedures Regarding Financial Information". The sufficiency of these procedures is solely the responsibility of those parties specified in this report. Consequently, we make no representation regarding the sufficiency of the procedures described below either for the purpose for which this report has been requested or for any other purpose.

The results of our procedures are enumerated in the Results of Agreed-Upon Procedures section of this report.

We were not engaged to, and did not; perform an examination, the objective of which would be the expression of an opinion. Accordingly, we do not express such an opinion. Had we performed additional procedures, other matters might have come to our attention that would have been reported to you.

This report is intended solely for the information and use of Trump Marks Real Estate, LLC and is not intended to be and should not be used by those who have not agreed to the procedures and taken responsibility for the sufficiency of the procedures for their purposes.

Membresias:      

Av. Sarasota # 136, Santo Domingo, República Dominicana.  Teléfono.: (809) 482-0838, Fax: (809) 482-0716. Email: contactenos@mejialora.com, www.mejialora.com
www.bkr.com    RNC:1-01-54975-2



MEJIA LORA
& ASOCIADOS

*Independent Members of*

**BKR**
INTERNATIONAL

## IV.  RESULTS OF AGREED UPON PROCEDURES

**Main findings, exceptions and limitations in our scope:**

<u>About retained taxes:</u>

As it was stipulated in the License Agreement we evidenced the initial fees payments made by Cap Cana as follows:

| Payment No. | According License Agreement | | According Accounting Book | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | Amount | Date | Date | Amount paid | Retained Taxes | Total |
| 1 | 1,500,000 | 2/16/2007 | 2/16/2007 | 1,500,000 | 0 | 1,500,000 |
| 2 | 1,500,000 | 8/16/2007 | 8/22/2007 | 690,000 | 810,000 | 1,500,000 |
| 3 | 1,000,000 | 2/16/2008 | 2/12/2008 | 750,000 | 260,000 | 1,000,000 |
| Total | 4,000,000 | | | 2,940,000 | 1,060,000.00 | 4,000,000.00 |

According to article 305 of Dominican Tax Code, when payments are made to foreign entities 25% (29% until June 2007) must be withhold as taxes. In that matter, as it is revealed it the chart above taxes were not retained in the first payment. Consequently, a mayor % was retained when second payment was made.

We have not received the certificates issued by Cap Cana, S. A. to Trump Marks Real Estate, LLC over taxes withheld and paid.

<u>About Estate Lots inventory:</u>

We received a Report stamped and signed by Cap Cana, S. A., with an inventory list of the lots that compound the "Trump Farallon Estates" According to the Report provided by Cap Cana, S. A., a summary is as follows:

Membresias:      

Av. Sarasota # 136, Santo Domingo, República Dominicana.   Teléfono.: (809) 482-0838,
Fax: (809) 482-0716. Email: contactenos@mejialora.com. www.mejialora.com
www.bkr.com    RNC:1-01-54975-2

| Lots | status |
|------|--------|
| 56 | Sold |
| 4 | Not for Sale |
| 11 | Available for Sale |
| **71** | **Total Lots** |

A.    Lots not available for sale:

Regarding to the unavailable lots for sale, we received from Alexandra Sánchez (Director of the Legal Department of Cap Cana) a report with the explanation as follows:

| Lot not for sale | Reason according Cap Cana | Comments |
|------------------|---------------------------|----------|
| Lot No. 40 | There is a restaurant in its location | Observed |
| Lot No. 58 | Does not form part of the agreement according to annex "Section of the Routes of the Farallon" | Document not provided to us |
| Lot No. 59 | Does not form part of the agreement according to annex "Section of the Routes of the Farallon" | Document not provided to us |
| Lot No. 65 | A cave was discover in its premises | |

B.    Lots available  for sale:

According to the Report issued and provided by Cap Cana, S. A. eleven (11) lots are available for sale.    In that matter, after the conference call celebrated on august 20th, 2009 between Cap Cana and Trump representatives, we received as requested a Representation Letter from Cap Cana which certifies the lots available for sale as of June 30th, 2009, as follows:

| Lots | Total m2 | Certificate of Title No. |
|------|----------|--------------------------|
| 15 | 8,006.39 | 2007-1035 |
| 25 | 7,788.00 | 2007-2576 |
| 35 | 22,806.88 | 2007-3202 |
| 37 | 16,836.86 | 2007-1062 |
| 53 | 16,224.20 | 2007-1078 |
| 55 | 19,008.30 | 2007-1080 |
| 60 | 24,428.63 | 2007-1085 |
| 61 | 21,905.75 | 2007-1086 |
| 62 | 20,568.86 | 2007-1087 |
| 66 | 21,758.97 | 2007-2653 |
| 70 | 18,224.80 | 2007-2402 |

It is important to indicate that we observe a difference of 1,947.31 Sq. Mts., among the report provided by Cap Cana and the Representation Letter, regarding Lot 70, as follows:

| | |
|---|---|
| Total Mts2 Farallon 70 by Inventory | 20,172.11 |
| Total Mts2 Farallon 70 by Representation Letter | 18,224.80 |
| Difference | 1,947.31 |

C.   Lots sold:

According to the Report issued and provided by Cap Cana, S. A. eleven (11) lots are available for sale.  Consequently 56 are sold.  Although, a difference was observed about lots considered as sold between the Reports provided by Cap Cana and the Report also provided for the calculation of the commissions:

| Lot sold | Amount |
|---|---|
| Lots sold according Report provided by Cap Cana of the inventory that compose the Farallon Estates | 56 |
| Lots sold according Report provided by Cap Cana for the calculation of the commissions | 54 |
| Difference | 2 |

The difference corresponds to Lots No. 21 and 22:

  a.  Lot no. 22 was considered as sold in the Inventory Report provided, but not in the Report for the calculation of the commissions. Upon investigating, we observed a contract dated May 19, 2007 among Batson Global Corp (represented by Luis Emilio Velutini) and Cap Cana selling this Lot at a final price of US$3,420,000.  At the same time we observed a document of "Payment warrant to Real Estate Embargo Execution of Unpaid Seller's Privilege" dated 3 of April of the 2009.  In the Embargo document is established that to such date the client had paid the sum of US$950,000 equivalent to the 28% of the final price of sale, owing the remaining part.

*We noticed the following exception:*

  b.  Lot No. 21 was sold in 2007 and was not being considered as sold in the report provided by Cap Cana S. A. for the calculation of the commissions. This lot was sold on July 19, 2007 to the company Farallon 21 Corporation represented by Mr. Alberto Miyar, for a final price of US$2,410,560. On July 20 2009, Mr. Miyar shares in Farallon 21 Corporation were sold to Mr. Renato Ciro Cascella.  In the sale contract celebrated it is stated that as of July 20 2009 a total of US$1,068,429.58 have been already paid to Cap Cana, S. A. for the purchase of lot 21 (US$950,615.75 corresponding to capital the rest paid as interest, consequently US$1,459,944.25 was pending as it was observed in the accounting books).     In the same matter there is another legal document called "Statement of Cancellation of Contracts" dated July 20th,

2009 whereby Mr. Ciro Cascella paid the pending amount to Cap Cana for the acquisition of Lot No. 21, through the cancellation of the purchase of other product in Cap Cana, SA (compensation).

Regarding the meters stated in the Report provided by Cap Cana, we proceeded to reconcile the data of such versus the Report supplied by Trump. In this matter we observed a difference of 9,626,38 mts2 (less) in the Report by Cap Cana.  Such difference corresponds to the following lots:

| Lot | Mts2 according Report by Trump | Mts2 according Report by Cap Cana | Difference |
|---|---|---|---|
| Lote 35 | 22,798.20 | 16,532.06 | 6,266.14 |
| Lote 64 | 22,553.31 | 22,568.92 | (15.61) |
| Lote 66 | 21,757.01 | 18,381.16 | 3,375.85 |
| Total difference | | | 9,626.38 |

Due to  our findings during the execution of our procedure Cap Cana's representatives  supplied a new inventory report, since the original report had some anomalies regarding the meters considered in three lots to the specified in  contracts or title.

---

**About commissions:**

**_When reviewing the sales contract versus the sales information compiled in the report supplied by Cap Cana, we noticed the following exception:_**

We noted discounts granted after the conclusion of the sales contracts.  In some cases, the discounts were endorsed by addendum, in other cases by internal documentation ("Unilateral cancellation of the privilege for the seller's unpaid" or memorandum) and in some cases we did not received the support documentation.  In this respect, according to Trump Marks Real Estates LLC representatives discounts given after signing original contracts should not be considered when calculating the commissions.  In this matter schedule 1 of the License Agreement establish a fee of 6% of Estate Lot Gross Sale, "For purposes of this agreement Estate Lot Gross Sales shall mean the total final selling price for each Estate Lot without any deductions therefrom whatsoever, actually received from the purchaser of each Estate Lot."    **However those discounts (granted after signing original contracts) were considered when calculating the commissions by Cap Cana.**

| LOT | DISCOUNT | FEE INVOLVED |
|---|---|---|
| Farallon 14 | 28,720.00 | 1,603.20 |
| Farallon 29 | 158,600.00 | 9,516.00 |
| Farallon 36 | 54,600.00 | 14,196.30 |
| Farallon 67 | 396,257.68 | 103,026.99 |
| Farallon 68 | 124,800.00 | 32,440.91 |
| *Discount (with addendum to contract signed):* | 760,977.68 | 160,783.40 |
| Farallon 10 | 44,200.00 | 2,652.00 |
| Farallon 23 | 794,402.95 | 102,952.18 |
| Farallon 28 | 67,540.00 | 4,052.40 |
| Farallon 32 | 74,908.00 | 4,494.48 |
| Farallon 33 | 291,984.24 | 63,396.65 |
| Farallon 39 | 446,569.89 | 116,108.17 |
| Farallon 42 | 90,872.90 | 5,452.32 |
| Farallon 51 | 105,896.87 | 27,533.19 |
| Farallon 58 | 366,351.44 | 21,981.09 |
| Farallon 57 | 444,822.00 | 115,654.59 |
| Farallon 69 | 388,781.12 | 101,083.09 |
| *Discount (without addendum to contract, just internal memo):* | 3,116,308.51 | 565,360.16 |
| Farallon 68 | 158,390.40 | 41,188.60 |
| *Discount (without addendum or memo):* | 158,390.40 | 41,188.60 |
| Total Discount / Fee | 4,035,876.59 | 767,332.16 |

***When confronting accounts receivable stated as "present balance" in Cap Cana' Report versus Accounting Book ( commissions calculated on a pro rata basis), we noticed the following exception:***

A difference of US$48,490,663.74 was established between the accounts receivable according to Cap Cana's accounting records and accounts receivable stated in the Report (spreadsheet) issued and provided by Cap Cana, S.A. for the calculation of fees/commissions to Trump.

Regarding this difference the sum of US$45,912,786.41 belongs to the accounts receivables that presents zero balance (0.00) in the accounting records, since they were already collected through Credit Assignment Agreement signed with Banco de Reservas de la Republica Dominicana; as follows:

| Lot | | Company | Account receivable (Accounting Records) | Account receivable (Report provided by Cap Cana) | Difference | Credit assignment Banco de Reservas | |
|---|---|---|---|---|---|---|---|
| | | | | | | Date | Amount assigned |
| FAR | 7 | Plantar Group Inc. | 0.00 | 1,739,465.00 | -1,739,465.00 | 12-14-2007 | 2,320,000.00 |
| FAR | 8 | Groningen Assets, S. A. | 0.00 | -0.37 | 0.37 | 02-29-2008 | 2,087,600.00 |
| FAR | 9 | Dobrich Holding, S. A. ☎ | 185,000.00 | 185,000.00 | 0.00 | 05-13-2008 | 2,271,800.00 |
| FAR | 11 | Cliff Holding Inc. ☎ | 0.00 | 2,403,966.64 | -2,403,966.64 | 12-14-2007 | 3,045,000.00 |
| FAR | 12 | Kalderon Ventures Limited ☎ | 0.00 | 2,456,799.69 | -2,456,799.69 | 04-16-2008 | 2,824,400.00 |
| FAR | 13 | Willard Assets, Inc. ☎ | 0.00 | 2,386,564.61 | -2,386,564.61 | 05-13-2008 | 2,517,400.00 |
| FAR | 17 | Palta Ltd. | 10,000.00 | 1,838,824.88 | -1,828,824.88 | 5-13-2008 | 2,080,000.00 |
| FAR | 19 | Valerine Limited ☎ | 0.00 | 1,935,820.33 | -1,935,820.33 | 05-13-2008 | 2,015,000.00 |
| FAR | 20 | FAR 20 Inc. | 0.00 | 0.00 | 0.00 | 12-14-2007 | 2,247,500.00 |
| FAR | 24 | Cadwell Properties Limited ☎ | 0.00 | 1,994,809.18 | -1,994,809.18 | 12-14-2007 | 2,537,500.00 |
| FAR | 26 | Bowden Overseas Limited | 0.00 | 3,306,369.07 | -3,306,369.07 | 12-14-2007 | 4,205,000.00 |
| FAR | 31 | Tressen Assets Inc. | -57,531.39 | 0.00 | -57,531.39 | 02-29-2008 | 3,377,000.00 |
| FAR | 41 | Welsville Assets, S. A. ☎ | 0.00 | 3,986,770.02 | -3,986,770.02 | 02-04-2008 | 4,543,600.00 |
| FAR | 43 | Muntaner Limited | 5,322.98 | 0.00 | 5,322.98 | 02-29-2008 | 3,705,000.00 |
| FAR | 44 | Qualium Global Corp. ☎ | 0.00 | 3,358,287.66 | -3,358,287.66 | 05-13-2008 | 3,438,400.00 |
| FAR | 45 | Buldy Ltd ☎ | 0.00 | 3,175,090.65 | -3,175,090.65 | 02-28-2008 | 3,622,600.00 |
| FAR | 49 | Mixtal Ltd | 0.00 | 3,495,045.03 | -3,495,045.03 | 5-13-2008 | 4,175,200.00 |
| FAR | 50 | Silverseas Ventures Ltd. ☎ | 0.00 | 3,989,149.12 | -3,989,149.12 | 12-14-2007 | 4,478,500.00 |
| FAR | 52 | Santando Limited ☎ | 0.00 | 3,525,334.21 | -3,525,334.21 | 12-14-2007 | 4,616,300.00 |
| FAR | 71 | Vilmay Group Limited | 0.00 | 6,278,282.28 | -6,278,282.28 | 12-14-2007 | 7,830,000.00 |
| | | | 142,791.59 | 46,055,578.00 | -45,912,786.41 | | 67,937,800.00 |

For these lots, *as its appears in an email sent from Banco de Reservas to Cap Cana*, the amount due stated in Cap Cana's reports is based on the pending amount due by the buyers to Banco De Reservas; except for lot 8 which shows cero balance in accounting records and also report but according to an email sent from Banco de Reservas to Cap Cana, S.A. dated 21 May, 2009 the Buyer still owes US$2,087,600. Similarly as Lot No.9 which appears with a balance of US$185,000 in accounting book, but in the email sent from Banco de Reservas appears with a pending balance of US$2,271,800 .

 These lots appear to be in "legal Dpt" according to an email sent from Banco de Reservas to Cap Capa dated May 21, 2009.

The remained difference between the account receivable shown in book versus the amount shown in the Report for the Calculation of the commission summarized US$2,577,877.33. That difference corresponds to following Lots:

| LOTS | | Account Receivables (Accounting Books) | Account receivable (Cap Cana Report) | Difference | Comments |
|------|---|---|---|---|---|
| FAR | 1 | 1,154,610.86 | 1,117,285.21 | 37,325.65 | Corresponds to Interest, according to Cap Cana |
| FAR | 21 | 1,459,944.24 | Not considered | 1,459,944.24 | Not considered by mistake in the Report |
| FAR | 23 | 794,602.95 | 0 | 794,602.95 | Discount granted according to Internal Memo dated June 30, 2009. Not registered in books. |
| FAR | 22 | 2,470,000.00 | 0.00 | 2,470,000.00 | Embargo |
| FAR | 30 | 4,406,855.61 | 3,868,200.00 | 538,655.61 | Corresponds to Interest, according Cap Cana |
| FAR | 38 | 4,059,553.34 | 4,059,553.32 | 0.02 | Not relevant |
| FAR | 39 | 446,569.89 | 0.00 | 446,569.89 | Discount granted, according to Internal Memo dated June 30,2009. Not registered in books. |
| FAR | 46 | 2,088,900.00 | 2,358,944.58 | -270,044.58 | According to Cap Cana Amount received in advance to be applied to interest. |
| FAR | 47 | 3,258,148.18 | 3,164,848.18 | 93,300.00 | This difference belong to the sale of other product (solar Juanillo 39) |
| FAR | 57 | 34,439.00 | 51,658.50 | -17,219.50 | ¿? |
| FAR | 63 | 6,078,641.75 | 6,078,600.00 | 41.75 | Not relevant |
| FAR | 64 | | 8,000,000.00 | -8,000,000.00 | Sold in June contract not provided to Accounting when issuing books ( copy provided to us) |
| FAR | 68 | -131,053.59 | 0.00 | -131,053.59 | Amount received in advance to be applied. to other product |
| TOTAL | | 26,121,212.23 | 28l,699,089.79 | -2,577,877.56 | |

As per our procedure we requested balance confirmations from buyers. In such matter of the 55 Lots sold:

- Twenty (20) lots with pending balance according Cap Cana Report appear with zero balance in Cap Cana's accounting records since they were already collected through

the credit assignment agreements signed with Banco de Reservas de la República Dominicana.   Balance confirmation not received.

- One (1) lot appear with zero balance in Cap Cana's accounting records since It was were already collected through a credit assignment agreements signed with Banco León  de la República Dominicana ( Trump Farallon Lot No. 34 sold to Bonville Trading Limited with a final price of US$5,670,000 as of May 19, 2007; credit assigned on July 17, 2008 for US$3,689,108).  Balance confirmation not received.

- Twenty (20) lots seem to be already collected in the Report for the calculation of the commissions, issued and supplied by Cap Cana. Six (6) confirmation received, Fourteen (14) not received.

- Consequently 14 lot shows pending balance, being these the ones for which confirmation were more necessary since the commissions involved were calculated on a pro rata basis.  Those are the following:

| Lot | | Company | | Account receivable Report provided by Cap Cana, S. A. | Confirmation received |
|---|---|---|---|---|---|
| FAR | 1 | Macarena Worldwide Ltd. | | 1,117,285.21 | Yes, with no difference |
| FAR | 2 | FrostVale Corp. | (b) | 2,411,500.00 | Not received |
| FAR | 4 | Inversiones Whitewater Group, S. A. | (a) | 1,903,400.00 | Yes, with no difference |
| FAR | 16 | Pozan Overseas | | 1,661,181.55 | Yes, with no difference |
| FAR | 18 | Blue Summer Properties | ( c) | 1,622,970.38 | Yes, with no difference |
| FAR | 27 | Newton Finance Enterprises Ltd. | (b) | 2,915,035.35 | Not received |
| FAR | 30 | Dendar Group Ltd. | | 3,868,200.00 | Yes, with no difference |
| FAR | 38 | Inmobiliaria Farallon 38, Inc. | | 4,059,553.32 | Yes, with no difference |
| FAR | 46 | Farallon Montano, Soc. Anonima | (b) | 2,358,944.58 | Not received |
| FAR | 47 | Promotora de Negocios, S A | | 3,164,848.18 | Yes, with no difference |
| FAR | 48 | Myport Investments Limited | | 3,277,878.58 | Yes, with no difference |
| FAR | 57 | Inversiones Exelmun, S.A. | (d) | 51,658.50 | Not Necessary |
| FAR | 63 | Blanky Ltd. | | 6,078,600.00 | Yes, with no difference |
| FAR | 64 | Chelsy International, Inc. | (b) | 8,000,000.00 | Not received |
| | | Total | | 42,491,055.65 | |

(a) Balance confirmation received after the August 20th, 2009 conference call. We underline the fact that the document received indicates that the company representative is Mr. Eudad Feria, however in the sales contract signed on March 22, 2007, the representative is Mr. Rafael Arturo Calventi Cuello; as a result of a Declaration of Transfer of Shares on August 4, 2007 through which Mr. Eudad Feria acquired 100% of the shares in the company Whitewater Investment Group, S. A.  It is precise to establish that we received the Stock Transfer Statement signed between the parties; however the document is not notarized.

(b) After the 08/20/09 Conference Call,  we received from Cap Cana the wire transfers regarding the collections during the period February 2007 until June 2009, regarding Farallon Lots. 2, 27, 46, y 64.

(c) The confirmation email from Mr. Ramon Luis Perez Vasquez representing Blue Summer Properties, buyer of lot 18 of the Trump Farallon Estates at Cat Cana, was received via Cap Cana, which limits our scope to validate the amount due.  In that matter, we requested that the client respond directly to us, yet we have not received a reply.

(d) The client has paid more than 90% of the selling price of Farallon, therefore Cap Cana reported the total commission as due to Trump. Based on the above, we did not require a balance confirmation from this buyer.

**_When reviewing the record of the commissions in Cap Cana Accounting Books, we noticed the following exception:_**

Fees/commissions due to Trump Marks Real Estates LLC were registered all together in one journal entry dated June 30, 2009.

**_When analyzing Farallon final sales according to Trump's Report, we noticed the following findings:_**

| Lot | Comments | Final Price | Total Commission |
|---|---|---|---|
| Sales & Commission according to Trump's Report: | | 290,244,496 | 19,230,005 |
| Farallon 64 | Sold in June 2009 | 10,000,000 | 627,476 |
| Farallon 15 | Available for Sale (According to Cap Cana) | (2,880,000) | (172,800) |
| Farallon 16 | Discount granted  in original contract | (125,550) | (7,533) |
| Farallon 22 | Litigation / Foreclose | (3,420,000) | (296,955) |
| Farallon 23 | To correct final price stated in accordance to contract | (200) | (52) |
| Farallon 25 | Contract cancelled     (aa) | (2,527,200) | (151,632) |
| Farallon 70 | Contract cancelled | (10,022,400) | (862,641) |
| | Subtotal | (8,975,150) | (864,085) |
| Revised Balance: | | 281,269,146 | 18,365,874 |

(aa) Farallon Lot 25 has an addendum (dated 20 April, 2009) to the original contract in which Cap Cana, S.A. agreed to receive as payment the Bono 2013 issued to the Buyer.  In this matter there is another document dated the same date between Cap Cana, S.A. and the buyer cancelling the original contract (not legalized). Both signed by different persons representing the buying company. Regarding this situation we asked for Cap Cana's explanation and also for a copy of the Title Registration. These requirements are still pending. In this matter also was requested the copies of the Titles Registration of the Lots available for sale as of June 30, 2009 according Cap Cana's Representation Letter. This requirement is still pending as well.

### _When analyzing payments made by Cap Cana to Trump, we noticed the following exceptions:_

During our revision we noticed a payment of US$555,348.48 (_retained taxes of US$138,837.12 with a net payment of US$416,511.36_) in November 2007 belonging to a part of the commission of Lot No. 6 and No.14 and the total payment of the commission of Lot no. 54. This payment was not considered by Cap Cana in their Report.

Also other payments were observed as follows:

In May 20, 2009 a payment of US$1,000,000 (US$1,333,333.33 retained taxes included), but was not considered in the spreadsheet since It does not specify to which lot Farallon belongs to (considering that payment is part of the payment scheduled).

Posterior to June 30, 2009; in July 21, 2009 a payment of US$74,138.87 (US$98,851.82 retained taxes included) corresponding to Farallon Lot 23.



*Independent Members of*

**BKR**
INTERNATIONAL

## IV) CONCLUSION

We have issued revised Reports with the calculation of the total commissions and due commissions to Trump Marks Real Estates LLC considering the findings detailed in the Result Agreed-upon Procedures.

## Observations:

1. Discount granted after signing original contract were excluded according to Trump Marks Real Estates LLC representatives considering what it is established in License Agreements.   In this matter schedule 1 of the License Agreement establish a fee of 6% of Estate Lot Gross Sale, "For purposes of this agreement Estate Lot Gross Sales shall mean the total final selling price for each Estate Lot without any deductions therefrom whatsoever, actually received from the purchaser of each Estate Lot".

2. Trump Marks Real Estates LLC representatives stated that for those Lot sold totally collected, whether they were collected from the buyers directly or through credit assignment should be calculated completely based on the License Agreement.

Membresias:      

Av. Sarasota # 136, Santo Domingo, República Dominicana.   Teléfono.: (809) 482-0838,
Fax: (809) 482-0716. Email: contactenos@mejialora.com, www.mejialora.com
www.bkr.com    RNC:1-01-54975-2

## About Final Sales Prices and Total Commissions:

| | Final Price | Total Commission |
|---|---|---|
| Sales & Commissions According to Cap Cana Report | 274,822,909 | 17,453,909 |
| Plus lot sold not considered: | | |
| Farrallon 21 | 2,410,560 | 144,634 |
| Plus Discount granted after signing contracts: | | |
| *Discounts (with addendum to contracts signed):* | | |
| Farallon 14 | 26,720 | 1,603 |
| Farallon 29 | 158,600 | 9,516 |
| Farallon 36 | 54,600 | 14,196 |
| Farallon 67 | 396,258 | 103,027 |
| Farallon 68 | 124,800 | 32,441 |
| *Discounts (without addendum to contract, just internal memo):* | | |
| Farallon 10 | 44,200 | 2,652 |
| Farallon 23 | 794,403 | 102,952 |
| Farallon 28 | 67,540 | 4,052 |
| Farallon 32 | 74,908 | 4,494 |
| Farallon 33 | 291,964 | 63,397 |
| Farallon 39 | 446,570 | 116,108 |
| Farallon 42 | 90,872 | 5,452 |
| Farallon 51 | 105,897 | 27,533 |
| Farallon 56 | 366,351 | 21,981 |
| Farallon 57 | 444,822 | 115,655 |
| Farallon 69 | 388,781 | 101,083 |
| *Discounts (without addendum or memo):* | | |
| Farallon 68 | 158,390 | 41,189 |
| Total Discounts | 4,035,676 | 767,331 |
| Subtotal | 6,446,236 | 911,965 |
| Revised balanced: | 281,269,145 | 18,365,874 |

## About Due Commissions

Out of the US$18,365,874 total commissions, the amount of US$14,147,137 is due. In this respect, we received a Representation Letter dated august 5, 2009  issued by the Administrative-Financial Vice-president  of Cap Cana explaining that commissions are due because a cash flow deficiency.

| | Due Commission |
|---|---|
| Due Commissions as of Cap Cana Report: | 10,095,914 |
| *Plus:* | |
| Farrallon 21 | 33,480 |
| *Plus:* | |
| *Discount (with addendum to contract signed)* | |
| Farallon 14 | 1,603 |
| Farallon 29 | 9,516 |
| Farallon 36 | 14,196 |
| Farallon 67 | 103,027 |
| Farallon 68 | 32,441 |
| *Discount (without addendum to contract, just internal memo)* | |
| Farallon 10 | 2,652 |
| Farallon 23 | 102,952 |
| Farallon 28 | 4,052 |
| Farallon 32 | 4,494 |
| Farallon 33 | 63,397 |
| Farallon 39 | 116,108 |
| Farallon 42 | 5,452 |
| Farallon 51 | 27,533 |
| Farallon 56 | 21,981 |
| Farallon 57 | 115,654 |
| Farallon 69 | 101,083 |
| *Discount (without addendum or memo)* | |
| Farallon 68 | 41,189 |
| Total Discount | 767,331 |
| *Due Commissions by Credit Assignment to Banco De Reservas:* | |
| Farallon 7 | 138,240 |
| Farallon 11 | 181,440 |
| Farallon 12 | 222,815 |
| Farallon 13 | 170,035 |
| Farallon 17 | 138,240 |
| Farallon 19 | 168,046 |
| Farallon 24 | 151,200 |

| | |
|---|---|
| Farallon 26 | 250,560 |
| Farallon 41 | 306,893 |
| Farallon 44 | 232,243 |
| Farallon 45 | 244,685 |
| Farallon 49 | 306,134 |
| Farallon 50 | 385,394 |
| Farallon 52 | 320,965 |
| Farallon 71 | 588,868 |
| Total Due Commission by Credit Assigment: | 3,805,760 |
| Sub Total | 4,606,571 |
| Reconciliated Due Commissions | 14,702,485 |
| Payments made: | |
| November 2007 | (555,348) |
| May 2009 **** | (1,333,333) |
| Revised Due Commission as of June 30, 2009 | 12,813,803 |

**** This payment was not consider in the detailed report since it does not specify
which lots Farallon belongs to (considering that payment is part of the payment
scheduled).  In this respect, we have not received evidence of tax payment to DGII (IRS) of
the withhold tax of this payment (US$333,333).


**A detailed Report considering the commission for each Lot is annex.**

---

Notes:

1. Our findings were verbally discussed with Cap Cana's representatives. In this matter our
   summary for discussion issued on August 18, 2009 was no sent to Cap Cana's
   representatives in accordance to Trump indications.

2. Per your request, *even though was not stated in the Agreed- upon Procedures Engagement
   Letter*, we proceeded to recalculate the interests corresponding to due commissions.  Those
   interests are indicated in the Report attached.   In this matter, it precise to indicate that since
   the payment made on May 2009 by Cap Cana to Trump does not specify to which lots
   corresponds, it has not been consider when calculating the interest.   If the payment is
   consider, interests should be affected.